1
2
3
4
5      **UNITED STATES DISTRICT COURT**
6      **DISTRICT OF NEVADA**
7

8   PATRICK FUNDERBURK,                        )
                                                )
9               Plaintiff,                      )      Case No. 2:08-cv-1858-JCM-GWF
                                                )
10  vs.                                         )
                                                )      **ORDER**
11  ACTIVE WARDEN NEVENS, *et al*.,             )
                                                )
12              Defendants.                     )
    _____)
13

14      Presently before the court is defendants Isidro Baca, James Henson, and Dwight Nevens'

15  (hereinafter collectively referred to as "defendants") motion for summary judgment.  (Doc. # 30).  To

16  date, plaintiff has failed to respond.

17      The may court grant summary judgment if no genuine issues of material fact remain in dispute,

18  and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  The moving

19  party can meet its burden by establishing that the non-moving party lacks evidence to support its claims.

20  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  The burden to produce evidence to

21  survive summary judgment remains with the plaintiff.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325

22  (1986).

23      Local Rule 7-2(b) provides that unless otherwise ordered, responses to motions "shall be filed

24  and served by an opposing party fifteen (15) days after service of the motion."  Local Rule 7-2(d)

25  provides that failure to file a response "shall constitute a consent to the granting of the motion."

26  Plaintiff has not filed a timely response to this motion.  However, "a motion for summary judgment

27  cannot be granted simply because the opposing party violated a local rule[.]" *Martinez v. Stanford*, 323

28  F.3d 1178, 1182 (9th Cir. 2003).  To succeed on a motion for summary judgment, the moving party

    must still "affirmatively show[] that there is no genuine issue as to any material fact and [it is] entitled

1  to judgment as a matter of law[.]" *Id.*

2      Plaintiff's complaint stems from his participation in the 2008 Ramadan fast schedule.

3  Defendants served all incarcerated Ramadan participants two meals per day during Ramadan, one

4  before sunrise and one after sunset. Plaintiff alleges that defendants violated his First Amendment

5  rights by not providing an additional midday meal during the month of Ramadan.

6      "The free exercise [of religion] is necessarily limited by the fact of incarceration, and may be

7  curtailed in order to achieve legitimate correctional goals or to maintain prison security." *O'Lone v.*

8  *Shabazz*, 482 U.S. 342, 348 (1987). To reach the level of a constitutional violation, a correctional

9  facility's hindrance of an inmate's practice of religion "must be substantial and an interference with a

10  tenet or belief that is central to religious doctrine." *Graham v. C.I.R.*, 822 F.2d 844 851 (9th Cir. 1987).

11      Plaintiff has a constitutional right to "food sufficient to sustain [him] in good health that

12  satisfies the dietary laws of [his] religion." *Ashelman v. Wawrzaszek*, 111 F.3d 674, 677 (9th Cir.

13  1997). Correctional facilities must provide prisoners a diet that accommodates their religious rights. *Id.*

14      This court finds plaintiff provides no evidence to show that defendants burdened plaintiff's

15  religious exercise. The evidence shows that defendants reasonably accommodated plaintiff's right to

16  practice his religion by providing him with predawn and post-sunset meals as is central to plaintiff's

17  religion. Defendants' accommodations were related to the legitimate penological interest of providing a

18  Ramadan meal schedule allowing practicing Muslims to participate in Ramadan. Additionally,

19  defendants provided plaintiff with food sufficient to sustain him in good health while participating in

20  Ramadan. The 2008 Ramadan meals totaled approximately 2000 calories per day.

21      Plaintiff also asks this court to reconsider the magistrate judge's order denying plaintiff's

22  motion to extend time to conduct discovery. (Doc. #31). Under Fed. R. Civ. P. 6(b) and Local Rule 6,

23  the court shall not grant a motion for an extension of time after the discovery period ends unless the

24  moving party demonstrates good cause for an extension and the failure to act prior to the deadline was

25  the result of excusable neglect.

26      Here, the discovery period ended February 22, 2010. On February 1, 2010, plaintiff mistakenly

27  mailed his discovery requests to the clerk of the court in an attempt to serve them on defendants. On

28  March 2, 2010, plaintiff mailed the requests directly to defendants. Under Fed. R. Civ. P. 34, 35 and

36, the requesting party must file his discovery requests at least 30 days before the discovery cut-off. Therefore, even if plaintiff properly sent his discovery requests to defendants instead of to the court on February 1, they would have been untimely.  Accordingly, this court affirms the magistrate judge's order denying plaintiff's request for an extension of time.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Isidro Baca, James Henson, and Dwight Nevens' motion for motion for summary judgment (Doc. #30) be GRANTED.

IT IS FURTHER ORDERED that plaintiff Patrick Funderburk's motion to reconsider the magistrate judge's order denying an extension of time (Doc. #31) be DENIED.

DATED July 26, 2010.

UNITED STATES DISTRICT JUDGE